## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK H. INGRAM, SR., #R70446,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 20-cv-1313-RJD** |
| ) | |
| **LORI CUNNINGHAM,** ) | |
| **DR. LYNN PITTMAN,** ) | |
| **MS. JANE DOE (Pharmacist),** ) | |
| **and JEREMY KOHN,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**DALY, Magistrate Judge:**

Plaintiff Kendrick H. Ingram brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights during his incarceration at Lawrence Correctional Center ("Lawrence"). (Doc. 1). He claims that he became seriously ill from expired/tainted prison food and was not given proper medical treatment, violating his rights under the Fifth and Eighth Amendments. He seeks monetary damages and injunctive relief.

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memoranda of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

**The Complaint**

Plaintiff makes the following allegations in the Complaint: On February 28, 2019, he consumed expired Oscar Meyer hot dogs served to inmates for dinner. (Doc. 1, p. 7). Later that evening Plaintiff developed bad stomach pains, excessive gas, and diarrhea. On March 4, 2019 he was given an emergency pass and saw Dr. Pittman, bringing a stool sample with him. Pittman saw the blood in his stool and told Plaintiff his sample would be sent to a Chicago lab for diagnosis. However, Plaintiff discovered that Pittman and Lori Cunningham (Health Care Administrator) never sent his stool sample to an outside lab. He alleges that failure amounted to deliberate indifference and medical negligence, motivated by the desire to save money on the part of Wexford (the contractor that employs Lawrence medical staff).[2]

Plaintiff was issued prescriptions for Culturelle probiotics, Vitamin D-2, and Metronidazole. (Doc. 1, pp. 7-8). However, Lori Cunningham (Health Care Administrator) and the Jane Doe Pharmacist[3] abruptly halted his Culturelle Probiotics on February 12, 2020, although the prescription had been renewed for the period from January 13 to July 12, 2020. Plaintiff's abdominal pain, gas, and diarrhea came back after this medication was discontinued. (Doc. 1, p. 8, 27-32). He suffered these symptoms from November 2019 to November 2020. (Doc. 1, p. 10).

Food Shift Supervisor Jeremy Kohn was deliberately indifferent for authorizing the expired/tainted hot dogs to be served to inmates in February 2019 when the "use by" date of 11 February 2018 had expired more than a year before. (Doc. 1, pp. 8, 26).

---

[2] Plaintiff notes that in August 2017 he became ill and prison officials sent his specimen to an independent lab which diagnosed him with a parasitic infection. (Doc. 1, p. 8).

[3] Plaintiff's Complaint creates needless confusion by referring to Defendants by number in his statement of claim (Doc. 1, pp. 7-9), after he assigned them different numbers at Doc. 1, pp. 1-2 and at pp. 6-7. For example, the Jane Doe Pharmacist is Defendant #2 on page 2 but is labeled as Defendant #4 on page 7. The Court will rely on the list at pages 6-7, in which Defendant #1 is Cunningham, #2 is Pittman, #3 is Kohn, and #4 is the Jane Doe Pharmacist.

Plaintiff requests compensatory damages, an order for his prescription medications to be reissued, and a transfer to Dixon Correctional Center. (Doc. 1, p. 11).

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

**Count 1:**      **Eighth Amendment deliberate indifference claim against Kohn for receiving, preparing, and serving expired and tainted hot dogs to Plaintiff and other inmates, causing Plaintiff to become ill.**

**Count 2:**      **State law negligence claim against Kohn for receiving, preparing, and serving expired and tainted hot dogs to Plaintiff and other inmates, causing Plaintiff to become ill.**

**Count 3:**      **Eighth Amendment deliberate indifference claim against Pittman and Cunningham for failing to send Plaintiff's stool sample to an outside specialist for diagnosis.**

**Count 4:**      **State law medical negligence/malpractice claim against Pittman and Cunningham for failing to send Plaintiff's stool sample to an outside specialist for diagnosis.**

**Count 5:**      **Eighth Amendment deliberate indifference claim against Cunningham and the Jane Doe Pharmacist for discontinuing Plaintiff's prescribed medication for his gastrointestinal symptoms, causing him to suffer pain and discomfort.**

**Count 6:**      **State law medical negligence/malpractice claim against Cunningham and the Jane Doe Pharmacist for discontinuing Plaintiff's prescribed medication for his gastrointestinal symptoms, causing him to suffer pain and discomfort.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice**

as inadequately pled under the *Twombly* pleading standard.[4]

## Preliminary Dismissal

Plaintiff invokes the Fifth Amendment of the Constitution as a basis for his claims, along with the Eighth Amendment. Claims of deliberate indifference to serious medical needs and unconstitutional conditions of confinement fall under the Eighth Amendment and will be considered below in that context. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff does not articulate a reason for the Fifth Amendment to come into play, thus his Fifth Amendment claims will be dismissed as duplicative. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").

## Counts 1 and 2

Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). An Eighth Amendment claim has both an objective and a subjective component – the deprivation must present an objectively serious risk of substantial harm, and the defendant must have subjectively been aware of the risk of harm, yet acted or failed to act in disregard of that risk.

In this case, it is questionable whether a single incident of serving inmates expired food rises to the level of a constitutional violation. Turning to the subjective component, the Complaint

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

contains no facts suggesting that Kohn was aware that the hot dogs had expired, let alone that he decided to serve the food in disregard of any risk it presented. The mental state of deliberate indifference is an indispensable component of an Eighth Amendment claim—the defendant need not intend the harm to occur, but s/he must know that an excessive risk exists to the plaintiff's health or safety if corrective action is not taken. *Farmer*, 511 U.S. at 827; *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). Plaintiff's allegations fail to indicate that Kohn was deliberately indifferent to an objectively serious risk of harm for serving expired food on one occasion, therefore the Eighth Amendment claim in Count 1 will be dismissed without prejudice.

Count 2, alleging Kohn was negligent in serving the outdated/tainted hot dogs, states a plausible claim, but not a constitutional claim. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Under Illinois law, a complaint claiming negligence must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). However, a state law claim may only proceed in federal court under the Court's supplemental jurisdiction if it is related to a viable federal constitutional claim. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (federal court has supplemental jurisdiction over related state law claims that "derive from a common nucleus of operative fact" with the original federal claims). Because the deliberate indifference claim in Count 1 will be dismissed, the negligence claim in Count 2 no longer shares a factual basis with a claim that will proceed in this action. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (state supplemental claims are ordinarily dismissed without prejudice when federal claims have been dismissed prior to trial). Consequently, Count 2 shall also be

dismissed without prejudice.[5]

### Counts 3 and 4

Prison medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id. See also Farmer*, 511 U.S. at 834; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, medical negligence or even malpractice does not violate the Constitution. *Estelle*, 429 U.S. at 106; *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff's description of his gastrointestinal symptoms including pain and bloody stool is sufficient at this stage to qualify as an objectively serious medical condition. The remaining question is whether Defendants were deliberately indifferent to that condition. Plaintiff's complaint in Count 3 is that Pittman told him that his stool sample would be sent to an outside lab for diagnosis, but then Pittman and Cunningham did not send out the sample. He contends that the decision not to use an outside lab was motivated by a desire to save money, and he compares this incident to his previous illness in 2017 where an outside lab was used and Plaintiff was diagnosed with a parasitic infection. Plaintiff states that after he became sick from eating the expired hot dogs, he received three prescribed medications which apparently alleviated his symptoms.

---

[5] Plaintiff may be able to pursue a negligence claim in Illinois state court. That said, the Court takes no position on the merits, viability, or timeliness of such a claim.

The failure to send Plaintiff's sample to an outside lab, even when Plaintiff was led to believe this would be done and where an outside lab was previously consulted, does not itself amount to deliberate indifference to a serious medical condition. Plaintiff is not entitled to demand specific medical care or tests. He conjectures that the decision not to use an outside lab was influenced by cost considerations but provides no facts to support this speculation or to suggest his treatment would have been different if Pittman had sent the sample out. Moreover, Pittman did not ignore Plaintiff's condition, but provided treatment to address his symptoms. The Complaint therefore does not support the deliberate indifference claim against Pittman and Cunningham for failing to send the stool sample to an outside lab. Count 3 will be dismissed without prejudice.

Plaintiff also asserts (Count 4) that Pittman and Cunningham's failure to seek a diagnosis from an outside lab amounts to medical negligence or malpractice. This claim may be plausible, but the dismissal of Count 3 removes from this action the claim that would provide supplemental jurisdiction for the negligence/malpractice claim in Count 4. Count 4 shall therefore be dismissed without prejudice along with the constitutional claim in Count 3.

### Counts 5 and 6

The Complaint states that Plaintiff's prescriptions for Culturelle Probiotics, Vitamin D-2, and Metronidazole gave him relief from his gastrointestinal symptoms. He faults Cunningham and the Jane Doe Pharmacist for cutting off his supply of Culturelle Probiotics on February 12, 2020, even though his prescription was good until July 12, 2020. His painful symptoms then returned, and he continued to suffer for some months.

The discontinuation of effective treatment leading to a recurrence of a serious and painful medical condition may amount to deliberate indifference. It may also constitute medical malpractice or negligence. Accordingly, Plaintiff may proceed with the constitutional claim in

Count 5, and with the state law claim in Count 6.

Plaintiff shall note that he must identify the Jane Doe Pharmacist by name before the Complaint can be served and proceed against her. Further, in order to pursue the negligence/malpractice claim, before the completion of the summary judgment phase of the case, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019).

### Jane Doe Defendant

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the unknown Jane Doe Pharmacist, in accordance with the discovery order that will be entered by the Court. Once the name of the unknown Defendant is discovered, Plaintiff must file a motion to substitute the newly identified Defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

**IT IS HEREBY ORDERED** that Counts 1 and 3 are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Counts 2 and 4 are **DISMISSED** without prejudice as the Court declines to exercise supplemental jurisdiction over them after the dismissal of Counts 1 and 3. Defendants Kohn and Pittman are **DISMISSED** from the action without prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 5 and 6** against Cunningham and the Jane Doe Pharmacist survive preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration.

The Clerk of Court shall prepare for Defendant **CUNNINGHAM**: (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with her current work address, or, if not known, her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  May 11, 2021**

> *s/ Reona J. Daly*
> **REONA J. DALY**
> **United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify Defendant of your lawsuit and serve her with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.