IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK H. INGRAM, SR., #R70466, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1313-RJD |
| | ) |
| LORI CUNNINGHAM and LORI JACKMAN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This case comes before the Court on Defendants' Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Docs. 30, 32, and 33). Plaintiff did not file a Response. As explained further, Defendants' Motions are DENIED.

**BACKGROUND**

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. He brings an Eighth Amendment claim against Defendants Jackman and Cunningham, alleging that they were deliberately indifferent to his gastrointestinal symptoms at Lawrence Correctional Center ("Lawrence") when they abruptly halted his prescription for Culturelle probiotics on February 12, 2020 (Doc. 11). The doctor had not ordered his prescription to expire until July 12, 2020 (*Id.*). He also brings a state law negligence/medical malpractice claim against them (*Id.*). Plaintiff originally identified Defendant Jackman as "Jane Doe Pharmacist" in his Complaint and alleged that she is an employee of Wexford Health Sources, Inc. (Doc. 1). Plaintiff later informed the Court that "Jane Doe Pharmacist" was Lori Jackman (Doc. 19). Defendant Cunningham is the health care unit administrator at Lawrence (Doc. 1).

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a

written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.  20 ILL. ADMIN. CODE § 504.850(d) and (e).  Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

### Relevant Grievance

Defendants address Plaintiff's Grievance #3-20-423, dated March 22, 2020 (Doc. 33-1, p. 15-18).  In pertinent part, the grievance states:

> I was unfortunately forced into processing this grievance by being constantly ignored by [Defendant Cunningham]….[and] the pharmacist….concerning my numerous requests to them about getting my prescribed Culturelle probiotics….At this point in time concerning my medical issues that the personnel at Wexford in the Healthcare Unit of not giving me the particular much needed digestive health medication called Culturelle probiotics has been absolutely critical and vital to my daily functioning…..While I was in "crisis watch" on 1-14-20 (2d shift) I was seen by Dr. Pittman to

> renew my prescribed meds called Culturelle probiotics through 7-22-20.   I was initially sent to "crisis watch" because of my digestive issues.   As I mentioned to Ms. Cunningham at Wexford on multiple occasions recently of "why" it was so desperately important for me to continue getting the Culturelle….Because of my recent digestive malfunction diarrhea at least three times per day, stomach pains, and excessive bad gas all day I'm in desperate need of Culturelle caps 4-6 times per day. Refill good to 7-22-20.

Plaintiff's counselor responded, stating "according to written response from the health care unit administrator on March 27, 2020, in regards to [Plaintiff], reviewed medical chart Culturelle d/c on 3/13/20 [illegible] physician" (*Id.*, p. 17).   The grievance officer stated "offender does not provide incident an incident date within 60 days per DR 504 and then stated "the grievance officer recommends that the grievance be denied" (*Id.*, p. 16).   The Warden concurred with the grievance officer's recommendation and denied the grievance on May 6, 2020 (*Id.*).   Plaintiff appealed to the ARB, who received Plaintiff's grievance on May 13, 2020 and returned Plaintiff's grievance to him on August 21, 2020, stating that the "grievance [was] not in accordance with DR 504.810. No dates within time frame." (*Id.*, p. 15).   Plaintiff filed suit on December 8, 2020 (Doc. 1).

## DISCUSSION

Relying on the plain language of the Illinois Administrative Code, Plaintiff's grievance was improperly returned to him by the ARB for the stated reason of "grievance not in accordance with DR 504.810. No dates within time frame."   The ARB's response assumes that "DR 504.810" requires inmates to identify a specific date in their grievance that falls within the previous 60 days of the grievance's submission.   While §504.810 requires that the grievance be submitted within 60 days of the discovery of the incident, it does *not* require the inmate to point to a specific date within the previous 60 days.   Instead, the grievance must provide:

> ….factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as

Page 4 of 6

possible.

*Id.* § 504.810(c).  Plaintiff provided the "when" in the grievance by stating that he was not receiving his Culturelle, resulting in digestive malfunction three times a day; the statements in his grievance clearly indicate that these were ongoing issues for him that were occurring on the day he submitted his grievance.  The grievance reflects that Plaintiff was unaware that his Culturelle prescription was discontinued because he wrote that Wexford staff (and not the doctor who prescribed it) were withholding the medicine.  If he did not know the medicine had been discontinued, then he could not provide the date that it was discontinued.

To be clear, if Plaintiff had stopped receiving Culturelle more than 60 days before March 22, 2020 (the date Plaintiff submitted his grievance), then Plaintiff would have failed to alert grievance officials within 60 days of discovering his issue and therefore his grievance would have been properly returned to him by the ARB.  It is unclear whether Plaintiff's Culturelle was discontinued on February 12, 2020 (as alleged in his Complaint) or March 13, 2020 (as stated in the Counselor's response to the grievance).  Regardless of whether it was February 12 or March 13, the record before the Court reflects that Plaintiff stopped receiving his Culturelle at some point 60 days prior to his March 22, 2020 grievance and he therefore complied with §504.810(a).  The record before the ARB likewise reflected that Plaintiff had complied with the 60 days requirement in §504.810(a).  Plaintiff informed the ARB that he was originally prescribed Culturelle 68 days prior to submitting the grievance and the other statements in the grievance are otherwise consistent with a time frame that reflects he stopped receiving Culturelle at some point within 60 days of submitting the grievance.

Defendant Jackman also contends that Plaintiff failed to identify her in the grievance. Plaintiff stated in his grievance that a "pharmacist" and "Wexford personnel" were keeping the Culturelle from him, and Plaintiff makes similar allegations against a "Jane Doe" pharmacist employed by Wexford in his Complaint.  The Jane Doe pharmacist has been identified as

Defendant Jackman, and as the regulations clearly state, Plaintiff was not required to identify her by name in his grievance. Accordingly, Defendants failed to establish that no genuine issue of material facts exist regarding Plaintiff's exhaustion of administrative remedies.

## CONCLUSION

Defendants' Motions for Summary Judgment (Docs. 30 and 33) are DENIED.

**IT IS SO ORDERED.**

**DATED: September 22, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**