IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK H. INGRAM, SR., #R70466,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-1313-RJD |
| | ) |
| **LORI CUNNINGHAM and LORI JACKMAN,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983.  He brings an Eighth Amendment claim against Defendants Jackman and Cunningham, alleging that they were deliberately indifferent to his gastrointestinal symptoms at Lawrence Correctional Center ("Lawrence") when they abruptly halted his prescription for Culturelle probiotics on February 12, 2020 (Doc. 11).  He also brings a state law negligence/medical malpractice claim against them (*Id.*).  Plaintiff originally identified Defendant Jackman as "Jane Doe Pharmacist" in his Complaint and alleged that she is an employee of Wexford Health Sources, Inc. (Doc. 1).  Plaintiff later informed the Court that "Jane Doe Pharmacist" was Lori Jackman (Doc. 19).  Defendant Cunningham is the health care unit administrator at Lawrence (Doc. 1).   Plaintiff's claims against Defendants survived their motions for summary judgment on the issue of administrative remedy exhaustion and the parties are now engaged in discovery on the merits of Plaintiff's claims (Doc. 44).  Multiple motions filed by Plaintiff and one motion filed by Defendant Cunningham are now pending.

**Motions for Recruitment of Counsel (Docs. 46, 48, 55, 63)**

Plaintiff contends in his Motions for Recruitment of Counsel that his "imprisonment will

greatly limit his ability to litigate." Neither the Constitution nor statute provide Plaintiff with the right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (internal citations omitted). The Court may recruit counsel for an indigent litigant pursuant to 28 U.S.C. 1915(e)(1). When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). As an initial matter, Plaintiff's filings indicate that he has made reasonable attempts to obtain counsel (Doc. 48, p. 3-5).

As for the second inquiry, it appears to the Court that Plaintiff can, at this time, competently litigate this matter himself. While Plaintiff did not file a Response to Defendants' Motion for Summary Judgment on the Issue of Exhaustion, the grievances he submitted at Lawrence reflect his ability to clearly advocate for himself and appreciate deadlines (See Doc. 44). Plaintiff's grievances met all of the requirements of the Illinois Administrative Code, allowing his claims to move past the exhaustion stage-even without Plaintiff filing a Response to Defendants' Motion for Summary Judgment. Plaintiff' apparently realizes that he failed to resond to Defendants' Motion for Summary Judgment and has taken corrective action to account for every entry and filing in this case (Doc. 51). He is actively participating in the discovery process (Docs. 57, 58). His pleadings to date reflect the ability to communicate clearly with the Court.

Moreover, the issue in this case-whether Defendants Cunningham and Jackman abruptly halted his probiotics prescription in violation of the Eighth Amendment-is not complex nor does it necessarily require expert witnesses. Defendant contends that he is limited in his ability to conduct legal research, but such a circumstance is not unique among *pro se* litigants. Accordingly, recruitment of counsel is not warranted at this time and Plaintiff's Motions (Docs. 46, 48, 55, and 63) are DENIED.

**Plaintiff's "Motion to Request Civil Claim Docket" (Doc. 51)**

Plaintiff has misplaced the "e-file transactions sheets" for pleadings filed by Defendants and found at Docket Nos. 30-34.  He requests that the Court either send him copies of these pleadings (which the Court declines to do because these pleadings are all related to Defendants' exhaustion defense, which has been resolved in favor of Plaintiff), or to send him a copy of the docket sheet.  The latter request is GRANTED and the Clerk of Court is directed to mail to Plaintiff a copy of the current docket sheet.

**Plaintiff's Motions for Discovery (Docs. 54, 61, 64)**

Plaintiff's "Motions for Discovery" request that the Court compel Defendants to produce multiple documents pursuant to Federal Rule of Civil Procedure 34, but it appears that Plaintiff's motions are his first attempt to obtain these documents from Defendants, or that he filed the Motion(s) after sending the Requests to Defendants but before giving them 30 days to respond (*see* Doc. 59).  Plaintiff must first send Requests for Production directly to defense counsel (not to the Court), allow them 30 days to respond, and, if he is not satisfied with their Response, correspond with defense counsel in an attempt to resolve the issue(s).  Fed. R. Civ. P. 37.  If Plaintiff is not able to resolve the issue(s), he may then file a Motion to Compel with the Court.  Any Motions to Compel should include a copy of the discovery at issue, and should clearly list the efforts Plaintiff made to obtain Defendants' discovery responses.  Because Plaintiff has not followed this procedure, his Motions for Discovery (Docs. 54, 61, 64) are DENIED.  Defendant Cunningham filed a Motion to Strike one of the Motions for Discovery (Doc. 59), which is DENIED AS MOOT.

**Plaintiff's Notice of Change of Address (Doc. 61)**

Plaintiff informs the Court in one of his Motions for Discovery that he has transferred to Menard Correctional Center ("Menard'), but has not received confirmation from the law library at Menard that his Notice of Change of Address was filed.  The Clerk of Court is DIRECTED to update Plaintiff's address to reflect that he is currently incarcerated at Menard Correctional Center,

711 Kaskaskia Street, Menard, Illinois 62259.

**Motion for Preliminary Injunction related to "Campaign of Harassment" (Doc. 62)**

After he filed this lawsuit, Plaintiff transferred to Pinckneyville Correctional Center (Doc. 38) and then Menard (Doc. 61). In his motion for preliminary injunction, Plaintiff contends that he is receiving inadequate medical treatment from staff members in the healthcare unit at Menard. He also believed that IDOC transferred him from Pinckneyville to Menard in retaliation for a new case that plaintiff recently filed regarding his cell conditions at Pinckneyville. None of the individuals who are allegedly retaliating against Plaintiff or who are currently responsible for his healthcare are defendants in this suit and therefore the Court does not have jurisdiction over them to enforce any type of injunctive relief.

Moreover, preliminary injunctive relief must be related to the issues in the underlying case. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). None of the allegations in Plaintiff's Motion for Preliminary Injunction are related to whether Plaintiff's probiotics prescription was abruptly halted at Lawrence in February 2020. Plaintiff's Motion for Preliminary Injunction is DENIED.

**Motion to Appoint Special Master (Doc. 65)**

Plaintiff requests the appointment of a special master in this case to "assist the [parties] and the Court with its proceedings." Federal Rule of Civil Procedure 53 allows the trial court to appoint a "special master" for certain duties in a case where exceptional, complex circumstances exist, e.g., the number of parties, or the "nature and volume of evidence." *Chisholm v. TranSouth Financial Corp.*, 194 F.R.D. 538, 553-53 (E.D.Va. 2000). Plaintiff provides no justification for the appointment of a special master. The issue in this case-whether Defendants Cunningham and Jackman abruptly halted Plaintiff's probiotics prescription in violation of the Eighth Amendment- is not complex and the Court does not anticipate voluminous evidence. There are only three parties. Plaintiff's Motion is DENIED.

## Conclusion

Plaintiff's Motions for Recruitment of Counsel (Docs. 46, 48, 55, 63) are DENIED. Plaintiff's "Motion to Request Civil Claim Docket" (Doc. 51) is GRANTED.  The Clerk of Court is directed to mail to Plaintiff a copy of the current docket sheet.  Plaintiff's Motions to Compel and for Discovery (Docs. 54, 61, 64)  are DENIED.  Plaintiff's Motion for Preliminary Injunction (Doc. 62) is DENIED.  Plaintiff's Motion to Appoint Special Master (Doc. 65) is DENIED. Defendant Cunningham's Motion to Strike (Doc. 59) is DENIED AS MOOT.  The Clerk of Court is DIRECTED to update Plaintiff's address to reflect that he is currently incarcerated at Menard Correctional Center, 711 Kaskaskia Street, Menard, Illinois 62259.

**IT IS SO ORDERED.**

**DATED: December 19, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**